CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant, vs. WISCONSIN ZINC COMPANY and others, Respondents.

*September 21—October 19, 1920.*

*Public utilities: Railroads: Cost of constructing sidetrack: Determination by railroad commission: Constitutional law: Delegation of legislative power: Review of order of railroad commission.*

1. A railroad company that has constructed a spur track for an industry cannot, under ch. 352, Laws 1907, as amended by ch. 481, Laws 1909 (sec. 1797—11m, Stats.), maintain an action to recover the cost thereof without first having the railroad commission determine the same in separate items.

2. The determination of the cost of a spur track under sec. 1797—11m is the determination of a pure question of fact that may be delegated to the railroad commission, its action thereon involving no judicial or legislative function. *Union Lime Co. v. Railroad Comm.* 144 Wis. 523, followed.

3. The review of an order of the railroad commission determining the legitimate cost of a spur track under said sec. 1797—11m may be had under sec. 1797—16, being an order fixing a charge for a service rendered by the railroad company.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Affirmed.*

Action to enforce payment of the cost of a spur track built under the provisions of sec. 1797—11*m*, Stats.    A general demurrer was interposed and sustained on the ground that the complaint failed to show that the railroad commission had determined the cost thereof, which it is claimed must be done under said section before a cause of action accrues to the railroad company.    The plaintiff appealed.

For the appellant there was a brief by *R. N. Van Doren* of Milwaukee, attorney, and *Nelson J. Wilcox* of Chicago, of counsel, and oral argument by *Mr. Van Doren.*

For the respondents there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *Arthur W. Kopp.*

VINJE, J.    When the spur-track law was first enacted by ch. 352, Laws 1907, it provided that the railroad

"may *request* the person or persons, firm, corporation or association primarily to be served thereby, to pay the legitimate cost and expense of acquiring, by condemnation or purchase, the necessary rights of way for such spur track, and of constructing the same, in which case the total estimated cost thereof shall be deposited with the railroad before the railroad shall be required to incur any expense whatever therefor."

This was amended by ch. 481, Laws 1909, to read:

"Such railroad may *require* the person or persons, firm, corporation or association primarily to be served thereby, to pay the legitimate cost and expense of acquiring, by condemnation or purchase, the necessary rights of way for such spur track, and of constructing the same, *as shall be determined in separate items by the commission,* in which case the total estimated cost thereof shall be deposited with the railroad before the railroad shall be required to incur any expense whatever therefor."

This was followed by provisions permitting the industry

served by the spur track to construct the same itself under conditions named, and requiring the industry to give a bond to the railroad in addition to the deposit of the estimated cost of the track.

The question raised by the appeal is whether a railroad that has constructed a track for an industry can, under the amended law, maintain an action to recover the cost thereof without first having the commission determine the same. Plaintiff claims the amendment requires the commission only to determine the estimated cost thereof in separate items, and that it can sue for the amount claimed due for the construction of the track without having the cost thereof determined by the commission. The defendant claims that the commission must determine the legitimate cost of the track and not until that is done can an action be maintained, and then only in such amount as is determined by the commission, if its order determining the cost is not reviewed or is affirmed on review. The trial court held the complaint defective because it did not allege a determination of the cost of the spur track by the commission.

It will be noticed that the law as originally enacted provided for the estimated cost of the track to be deposited though it was silent as to who should estimate it. Such law gave the railroad, in terms, only the right to *request* payment, while the amended law gives it the right to *require* payment.

In view of the language of the amendment, the history of its origin, the conditions under which rights of way must be acquired and spur tracks constructed, we think it quite plain that it was the legislative intent to require the industry to pay the legitimate cost of the track as determined in separate items by the commission. That is the natural construction of the language used, and there are good reasons for such a provision. It is impossible to estimate the exact cost of a spur track to be built in the future. What the right of way will cost may not be known, but if it is, the

cost of labor and material fluctuates from time to time so that the actual cost cannot be known till the work is done. The legislature has clearly recognized this condition by requiring the industry served to give a bond in addition to a deposit of the estimated cost so as to fully indemnify the railroad. It no doubt also recognized the fact that there should be some protection to the industry against unreasonable claims as to the cost of track by requiring the commission to determine the same in separate items. The commission is eminently qualified to perform this service, and its determination will in most cases no doubt be final.

In the instant case it is alleged that the reasonable cost of the spur track was $125,907.89, its estimated cost $83,000. This shows how widely the estimated cost and the actual cost may vary; and it also shows the desirability, if not the necessity, of having the commission audit the claim of the railway company and determine the legitimate cost of the construction of the track. The industry is thus protected from waste, extravagance, or negligence in its construction, and is required only to pay such amount as an ordinarily prudent, economical, and lawful construction requires.

The law also devolves upon the commission the duty of ascertaining the equitable share of the primary cost of construction which another industry shall pay for a joint use of the spur track. Sub. 3, sec. 1797—11m, Stats. This also indicates the duty of the commission to determine the legitimate cost of the track, if the language declaring that an industry furnished with a spur track shall pay the railroad "the legitimate cost and expense of : . . the rights of way for such spur track, and of constructing the same, as shall be determined in separate items by the commission," needs support from other parts of the law to sustain the construction given it. We think the words "as shall be determined in separate items by the commission" are plain, unambiguous, and mean just what they say, namely, that

the commission shall determine the legitimate cost of the spur track which the industry must pay. Further discussion would seem to becloud rather than elucidate the subject.

The determination of the actual cost of a spur track is the determination of a pure question of fact that may be delegated to the commission. Its action thereon involves no judicial or legislative function. *Union Lime Co. v. Railroad Comm.* 144 Wis. 523, 129 N. W. 605. In that case it was held that the determination of the questions whether a spur track is practically indispensable to the successful operation of an industry; whether its operation is unusually unsafe and dangerous; and whether it is unreasonably harmful to public interest, were questions proper to be delegated to the commission because their determination did not involve the exercise of judicial or legislative power. Much less so does the determination of the legitimate cost of the track. It is the mere ascertainment of an existing fact.

That a review of an order determining the legitimate cost of the track may be had under the provisions of sec. 1797—16, Stats., seems quite plain. It is an order fixing a charge for a service rendered by the railroad and therefore subject to review under said section.

*By the Court.*—Order affirmed.

ROSENBERRY, J., dissents.